**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Thomas B. McNamara

In re:

LASHON RENE COLEMAN,

Debtor.

Bankruptcy Case No. 25-17551 TBM
Chapter 7

_____

**ORDER DENYING MOTION TO REOPEN**
_____

**Procedural History.**

LaShon Rene Coleman (the "Debtor") filed for relief under Chapter 7 of the Bankruptcy Code on November 18, 2025.  (Docket No. 1.)  The Court issued an "Order Discharging Debtor" (Docket No. 15) on February 23, 2026.

On March 10, 2026, the Debtor filed a "Motion to Reopen Debtor's Chapter 7 Case" (Docket No. 17, the "Motion").  In the Motion, the Debtor asks the Court to reopen her Chapter 7 case pursuant to 11  U.S.C. § 350(b) and Fed. R. Bankr. P. 5010 so that she can file a complaint asserting a claim for violation of the automatic stay pursuant to 11 U.S.C. § 362.

**Applicable Legal Authority.**

11 U.S.C. § 350 provides:

(a)  After an estate is fully administered and the court has discharged the trustee, the court shall close the case.

(b)  A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

Fed. R. Bankr. P. 5010 provides:  "On the debtor's or another party in interest's motion, the court may, under § 350(b), reopen a case . . . ."

11 U.S.C. § 350(b) and Rule 5010 provide the Court with broad discretion in determining whether to reopening a closed bankruptcy case.  *In re Alcorn*, 25 B.R. 174, 178 (Bankr. D. Colo. 2000) (citing *Mendelsohn v. Ozer*, 241 B.R. 503 (E.D.N.Y. 1997).  In evaluating whether to reopen a case, the Court weighs certain equitable factors.  *Id.* (citing *Matter of Shondel*, 950 F.2d 1301, 1304 (7th Cir.1991)). In determining whether to grant motions to reopen, courts have considered such factors as:  (1) the length of time the case has been closed; (2) whether the debtor would be

entitled to relief if the case were reopened; and (3) the availability of nonbankruptcy courts, such as state courts, to determine the rights, post-bankruptcy, of the parties. *See*, *e.g.*, *Redmond v. Fifth Third Bank*, 624 F.3d 793, 798 (7th Cir. 2010); *In re Kassover*, 448 B.R. 625, 631-632 (Bankr. S.D.N.Y. 2011); *In re Antonious*, 373 B.R. 400, 405-06 (Bankr. E.D. Pa. 2007). *See also In re Chameleon Ent. Sys., Inc.*, 2011 WL 3880993 (Bankr. D. Colo. 2011) (citing order in which court applied such factors).

## Discussion.

Though the Debtor received her discharge on February 23, 2026, the Court has not yet closed her case. Because the case is not closed, there is no need to reopen it. But even if the case had been closed, a debtor is not required to open an underlying Chapter 7 case before bringing claims for violation of the automatic stay pursuant to 11 U.S.C. § 362(k). *See Johnson v. Smith,* 575 F.3d 1079, 1084 (10th Cir. 2009) (finding no basis for requiring debtors "to move to reopen the Chapter 13 Case to pursue the § 362(k) adversary proceeding"); *Tucker v. JP Morgan Chase Bank N.A. (In re Tucker)*, 743 F. App'x 964, 968 (11th Cir. 2018) (holding that "district courts have jurisdiction to entertain claims by debtors that creditors violated the automatic stay, even when those claims are asserted in a separate civil action filed after the bankruptcy case has been dismissed"); *Healthcare Real Estate Partners, LLC v. Summit Healthcare Reit, Inc. (In re Healthcare Real Estate Partners, LLC)*, 941 F.3d 64, 71 (3d Cir. 2019) (holding that section 362(k) creates a private right of action which can be brought after dismissal of bankruptcy case); *Price v. Rochford*, 947 F.2d 829, 830-831 (7th Cir. 1991) (section 362(k) "creates a cause of action that can be enforced after bankruptcy proceedings have terminated").

Because the Debtor's case is not closed, and because reopening a case to allow the Debtor to file a complaint asserting a claim for violation of the automatic stay is unnecessary, it is

ORDERED that the Motion is DENIED.

DATED this 18th day of March, 2026.

BY THE COURT:

Thomas B. McNamara,
United States Bankruptcy Judge

2